## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SETH TAYLOR<br>63 Oak Forest Road<br>Delta, PA 17314 | : <br> : <br> : |
|  | :    JURY TRIAL DEMANDED |
| Plaintiff, | : |
|  | : |
| v. | : |
|  | :    CASE NO. |
| KINSELY CONSTRUCTION<br>2700 Water Street<br>York, PA 17403 | : <br> : <br> : |
|  | : |
| Defendant. | : |
|  | : |

## COMPLAINT

Plaintiff, Seth Taylor, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101 *et seq*.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)(k) *et. seq*., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 955 *et seq*., have been violated and in support avers the following:

### I.    PARTIES

1.    Plaintiff, Seth Taylor (hereinafter ("Plaintiff"), is an adult individual residing in Delta, Pennsylvania with a mailing address of 63 Oak Forest Road, Delta, Pennsylvania 17314.

2.     Defendant, Kinsely Construction, (hereinafter ("Defendant") is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a prinicpal place of business at 2700 Water Street, York, Pennsylvania 17403.

3.     At all times material hereto, Defendant employed Plaintiff at its 2700 Water Street, York, Pennsylvania location as set forth above and qualified as Plaintiff's employer.

4.     At all times material hereto, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## II.     <u>JURISDICTION</u>

5.     This action is instituted pursuant to the Americans with Disabilities Act, Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act as well as applicable state and federal law.

6.     This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

7.     Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims in this Judicial District.

8.      Plaintiff exhausted his administrative remedies pursuant to the Equal

Employment Opportunity Act by dual filing EEOC Charge No. 530-2021-03074

with the EEOC and Pennsylvania Human Relations Commission and receiving a

Dismissal and Notice of Rights. (See Exhibit "A," a true and correct copy of the

Dismissal and Notice of Rights to Sue issued by the EEOC).

## II. FACTS

9.       On or about March 8, 2021, Kinsely Construction hired Mr. Seth

Taylor as a CDL Driver.

10.      Mr. Taylor is disabled with asthma. While Mr. Taylor's asthma

prevents him from working in environments that could trigger respiratory issues,

Mr. Taylor is capable of meeting his work obligations as a CDL Driver.

11.      However, Mr. Taylor asked Defendant to adhere to its own smoke-

free workplace rule because cigarette smoke aggravated his asthma.

12.      Defendant initially assigned Mr. Taylor to work out of its location in

Wrightsville, PA. In this capacity, Mr. Taylor was severely and pervasively

harassed on account of his asthma by his coworkers Shawn Hoffmaster and

Timothy Goelz.

13.      Mr. Taylor reported this harassment to his supervisor, Jeremy Dayley.

In response to Mr. Taylor's complaints, Defendant transferred Mr. Taylor to its

location in Loucks, PA. In June 18, 2021, Defendant transferred Mr. Taylor to its location in Pennrock, PA.

14.     At Pennrock, PA, Mr. Taylor found himself again working alongside Mr. Hoffmaster. Mr. Hoffmaster continued to harass Mr. Taylor on account of his asthma.

15.     Mr. Taylor met with his supervisor, Jeremy Dayley, and HR Representative Jody Meyers on November 4, 2021. During this meeting, Mr. Taylor made a formal complaint about the manner in which he was harassed by Mr. Hoffmaster.

16.     Mr. Dayley and Mr. Meyers promised Mr. Taylor that they would investigate his complaint.

17.     Later that day, Allen Hoff, an employee of Defendant, came out of the plant batch office and began to angrily approach Mr. Taylor. Mr. Hoff began to recite portions of the complaint made by Mr. Taylor about Mr. Hoffmaster.

18.     Mr. Hoff began to push Mr. Taylor. Mr. Taylor was forced to retreat to his truck. Mr. Taylor then called Mr. Dayley and informed him of Mr. Hoff's aggressive manner.

19.     Mr. Taylor parked his truck and drove his personal vehicle to meet with Mr. Meyers and Mr. Dayley. Mr. Taylor asked them why he was physically and verbally attacked regarding his complaint. Mr. Meyers and Mr. Dayley told

Mr. Taylor that they had only spoke with Mr. Hoffmaster regarding the complaint.

Mr. Taylor requested to be transferred back to Defendant's Wrightsville location.

20.    Mr. Meyers told Mr. Taylor that "this is a playground" and said that

Mr. Taylor should fight Mr. Hoff. Mr. Taylor replied that that would be

inappropriate and lead to termination due to physical violence.

21.    Defendant transferred Mr. Taylor to its Wrightsville location on

November 5, 2021.

22.    On November 10, 2021 Defendant notified Mr. Taylor that he regular

truck was no longer available. Defendant assigned to use a spare truck. When Mr.

Taylor entered the spare truck, it smelled like cigarettes and aggravated his asthma.

23.    Mr. Taylor told Mr. Dayley that he could not use the spare truck as the

cigarettes aggravated his asthma. Mr. Dayley told Mr. Taylor that he could either

use the spare truck or go home.

24.    Mr. Taylor went home and used paid time off to cover that day.

25.    The next day Mr. Taylor returned to work. When he entered the spare

truck, it smelled like cigarettes mixed with air freshener. Mr. Taylor exited that

truck and used another spare truck so that he could complete his work.

26.    In response, Defendant disciplined Mr. Taylor for not using the spare

truck that was initially assigned to him. Believing that Defendant was retaliating

against him, Mr. Taylor filed a complaint with Wendy of Defendant's Human Resources department.

27.     Approximately two days later, Mr. Taylor's regular truck was still unavailable. After Mr. Taylor completed his work responsibilities, Defendant directed Mr. Taylor to go home.

28.     As Mr. Taylor was traveling home, dispatcher Brandy contacted Mr. Taylor and told him that he was now required to stay at work. Brandy told Mr. Taylor to discuss the issue with Mr. Dayley.

29.     As Mr. Taylor was returning to work, Mr. Taylor contacted Wendy from Defendant's Human Resources Department. Wendy encouraged Mr. Taylor to quit and told Mr. Taylor that he was lying about the verbal and physical harassment. Wendy stated that she was removing Mr. Taylor from the schedule until he voluntarily quit.

30.     Mr. Taylor sat in an office for three hours waiting for Mr. Dayley. Mr. Taylor was not compensated for this time. In those three hours, neither Mr. Dayley nor any other member of Defendant's management met with Mr. Taylor.

31.     After three hours, Mr. Taylor left. Mr. Taylor has not worked for Defendant since that day.

32.     On November 24, 2021 Mr. Taylor was notified his health insurance had lapsed due to his termination.

33.     As a direct and proximate result of the Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

### III. CAUSES OF ACTION

**COUNT I**
**TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT**
**DISCRIMINATION**
**(42 U.S.C.A. § 12101 et seq)**

34.     Plaintiff incorporate the preceding paragraphs as if fully set forth at length herein.

35.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not discriminate against an employee based on a disability.

36.     Plaintiff is a qualified employees and persons within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

37.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

38.     At all times material hereto, Plaintiff had qualified disabilities, as described above.

39.    Plaintiff's asthma substantially limited one or more of his major life activities, including, caring for themselves, eating, sleeping, standing, lifting, bending, concentrating, thinking and working.

40.    Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of their disabilities and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

41.    Defendant failed to engage in an interactive discussion of Plaintiff's disabilities and failed to reasonably accommodate his disabilities.

42.    As a proximate result of Defendant's conduct, Plaintiffs sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiffs have also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

43.    As a result of the conduct of Defendant's owners/management, Plaintiffs hereby demand punitive damages.

44.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiffs demand attorneys' fees and court costs.

**COUNT II**
**AMERICANS WITH DISABILITIES ACT**

8

## RETALIATION
## (42 U.S.C.A. § 12101 et seq)

45.     Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

46.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not retaliate against an employee based on him exercising her rights under the Americans with Disabilities Act.

47.     Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

48.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

49.     As set forth above, Plaintiff engaged in protected activity when he requested reasonable accommodations.

50.     As set forth above, Defendant was aware of Plaintiff's qualified disability.

51.     Defendant continued to engage in a pattern of antagonism towards Mr. Taylor following the protected conduct which can give rise to an inference of discriminatory retaliation.

52.     Defendant taking an adverse employment action against Plaintiff was temporal in proximity to him becoming aware of his disability.

53.     As set forth above, Defendant's conduct in terminating Plaintiff is an adverse employment action, was taken as a result of Plaintiff's disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

54.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

55.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

56.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys' fees and court costs.

## COUNT III
## VIOLATION of the PENNSYLVANIA HUMAN RELATIONS ACT DISCRIMINATION

57.     Plaintiff incorporates all the preceding paragraphs as if they were set forth at length herein.

58.    The PHRA § 955 provides that  it shall be an unlawful discriminatory practice:  "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

59.    Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his medical disability.

60.    Plaintiff hereby states his claim against Defendant under all of the applicable paragraphs of the PHRA § 955.

## COUNT IV
## VIOLATION of the PENNSYLVANIA HUMAN RELATIONS ACT RETALIATION

61.    Plaintiff incorporates all the preceding paragraphs as if they were set forth at length herein.

62.     PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

63.     Defendant engaged in an unlawful discriminatory practice by discharging, retaliating,  and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of his employer.

## COUNT V
## VIOLATION of the PENNSYLVANIA HUMAN RELATIONS ACT
## AIDING & ABETTING

64.     Plaintiff incorporates all the preceding paragraphs as if they were set forth at length herein.

65.     PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

12

66.     Defendant engaged in an unlawful discriminatory practice in violation of PHRA §955(e) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## IV. RELIEF REQUESTED

**WHEREFORE,** Plaintiff, Seth Taylor, demands judgment in his favor and against the Defendant in an amount in excess of $150,000.00 together with:

A.     Reinstatement of position with a comparable salary and benefits including, medical, vacation and sick time, in addition to any other associated employee benefits to which she may be entitled.

B.     Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

C.     Punitive damages;

D.     Attorney's fees and costs of suit;

E.     Reimbursement for medical bills;

F.     Reimbursement for Payment of State Payroll Overpayment;

G.     Interest, delay damages; and,

H.     Any other further relief this Court deems just proper and equitable.

Date: October 14, 2022          **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: */s/ Briana Lynn Pearson, Esquire*
    **BRIANA LYNN PEARSON, ESQUIRE**
    (PA I.D. 327007)
    Two Penn Center
    1500 JFK Boulevard, Suite 1240
    Philadelphia, PA 19102
    Ph: 215-944-6113
    Fx: 215-627-9426
    *Attorneys for Plaintiff, Seth Taylor*

## VERIFICATION

I, Seth Taylor, hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.

10/14/2022
_____
(Date Signed)

Seth Taylor